# United States District Court

## SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

V.

**ARON DWIGHT COX**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:16-mj-535

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 11, 2016, in Marion County, Indiana, in the Southern District of Indiana, defendant did,

Knowingly possess a firearm having been previously convicted of a crime punishable by a term of imprisonment exceeding one year,

in violation of Title 18, United States Code, Section 922(g)(1). I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

_____
Leonard P. Rothermich, Special Agent, FBI

**Sworn to before me, and subscribed in my presence**

August 15, 2016                                at     Indianapolis, Indiana
**Date**

Mark J. Dinsmore, U.S. Magistrate Judge
**Name and Title of Judicial Officer**            **Signature of Judicial Officer**

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, LEONARD P. ROTHERMICH, being duly sworn according to law, depose and state as follows:

## I. INTRODUCTION

1. I am and have been employed as a Special Agent with the Federal Bureau of Investigation ["FBI"] since November of 2014. Prior to that time, I spent 22 weeks training to be a Special Agent at the FBI Academy in Quantico, Virginia beginning on June 15, 2014. Through the FBI, I have received extensive training related to the investigation of federal crimes to include violent crime and firearms offenses. Prior to this, I spent five years on active duty in the United States Army as an officer in the Military Police Corps. I am currently assigned to the FBI Violent Crime Task Force ["VCTF"] in the Indianapolis Field Office of the FBI. In this assignment, I investigate all manner of violent crime, to include firearm related offenses.

2. This affidavit is submitted in support of an application for a Warrant for Arrest of ARON DWIGHT COX ["COX"], black male, date of birth ["DOB"] August 8, 1965, social security account number ["SSAN"] XXX-XX-7614, who last resided at 3816 Baltimore Avenue, Indianapolis, Indiana 46205. Based on my training and experience, and based on the facts below, there is probable cause to believe that COX is a previously convicted felon in possession of a firearm, specifically a .38 caliber Smith & Wesson Ladysmith revolver, on or about April 11, 2016. I

believe COX's physical possession of this firearm on or about April 11, 2016 to be a violation of Title 18, United States Code, Section 922(g)(1).

   a. Title 18, United States Code, Section 922(g)(1) generally prohibits a person, who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, to possess in or affecting commerce, any firearm or ammunition.

3. The statements contained in this affidavit are based in part on information provided by, and conversations held with, Special Agents and Task Force Officers of the FBI; detectives and patrol officers of the Indianapolis Metropolitan Police Department ["IMPD"]; witnesses; and on my experience and background as a Special Agent of the FBI.

4. I have not included each and every fact that has been revealed through the course of this investigation. I have set forth only the facts that are believed to be necessary to establish the required foundation for this issuance of the requested Warrant for Arrest.

## II. BACKGROUND OF THE INVESTIGATION

5. On April 11, 2016, at approximately 7:27 pm, officers from the IMPD responded to a report of a suspicious person loitering outside of the Kentucky Fried Chicken ["KFC"], located at 2515 East 38th Street, Indianapolis, Indiana. The caller was an employee of the KFC and believed that the suspicious person was a black male (hereinafter, "SUSPECT"), who appeared to be "casing" the restaurant with the ultimate intent of conducting a robbery. Furthermore, the

2

caller believed that the SUSPECT was the same perpetrator of an armed robbery of the Popeye's restaurant, located at 2402 East 38th Street, Indianapolis, Indiana, that transpired on April 9, 2016. The caller stated that the SUSPECT was riding a bicycle and wearing a black sweatshirt, black skullcap, and blue jeans, which the caller believed resembled the individual who robbed the Popeye's on April 9, 2016.

6. An IMPD officer responded to the report and witnessed a black male matching the description given by the caller sitting on his pink colored bicycle outside of the KFC. This same IMPD officer had also responded to the armed robbery of the Popeye's restaurant on April 9, 2016 and had viewed captured surveillance footage of the robbery. Upon seeing the SUSPECT, he believed that it was possible that the SUSPECT was the robber of the Popeye's.

7. The IMPD officer parked his marked police vehicle behind the SUSPECT, who was still sitting on his bicycle. The IMPD officer turned on his lights and chirped his siren in an attempt to get the SUSPECT's attention. The SUSPECT turned around in his seat to look back at the officer before pedaling away from the marked vehicle. Upon briefly seeing the SUSPECT's face, the officer believed that the SUSPECT appeared to be the same individual who had robbed the Popeye's restaurant on April 9, 2016.

8. A brief chase ensued, in which the officer followed the SUSPECT as he attempted to evade further interaction with the marked IMPD unit, which

3

caused the officer to give chase across several streets. As the SUSPECT rode his bicycle onto the driveway of 2815 East 38th Street, Indianapolis, Indiana, the officer saw him begin reaching into his back right pants pocket. Because the officer believed that the SUSPECT was the same individual who had conducted an armed robbery only days before, he became fearful that the SUSPECT was attempting to brandish a firearm. The officer then steered his vehicle into the rear tire of the bicycle as it continued to attempt to evade him. The SUSPECT fell from the bicycle and surrendered to IMPD units. In a search conducted of his person incident to his arrest, officers located a .38 caliber Smith & Wesson Ladysmith revolver in the SUSPECT's his back right pants pocket.

9. Officers then identified the SUSPECT to be COX. Further investigation into COX's criminal history showed prior felony convictions within Marion County (Indiana) for Carrying a Handgun without a License (Marion County Superior Court Cause Number 49G20-0810-FB-226936), Alteration of a Handgun Identifying Marks (Marion County Superior Court Cause Number 49G20-0810-FB-226936), and Possession of a Narcotic Drug (Marion County Superior Court Cause Number 49G09-9808-DF-142848), and a prior conviction in Cook County (Illinois) for Armed Robbery (Circuit Court of Cook County Cause Number 02-CR-0131601).

10. According to the Smith & Wesson website (http://smith-wesson.com), the primary location for the manufacturing of Smith & Wesson firearms and other

4

merchandise is at their headquarters, which is located in Springfield, Massachusetts. The state of Indiana does not currently maintain a Smith & Wesson manufacturing plant. Therefore, the Smith & Wesson .38 caliber Ladysmith revolver seized from COX's pocket on April 11, 2016 must have travelled through interstate commerce in order to be found on his person.

### III. CONCLUSION

11. Based on the information detailed above, I believe there is probable cause that COX violated Title 18, United States Code, Section 922(g)(1) in that, on or about April 11, 2016, COX knowingly possessed a firearm having been previously convicted for crimes punishable by imprisonment for a term exceeding one year.

12. Accordingly, I respectfully request the Court issue a criminal complaint and arrest warrant charging COX with that offense.

FURTHER YOUR AFFIANT SAITH NOT

Leonard P. Rothermich
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me the 15th day of August, 2016.

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

5